# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | | |
|---|---|---|
| **JORDAN GREEN**, an individual, | | **CIVIL ACTION** |
| Plaintiff, | | **Case No.  2:22-cv-610** |
| v. | | **Judge:** |
| **FLORIDA DEPARTMENT OF CHILDREN & FAMILIES**, | | **Mag. Judge:** |
| Defendant. | | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JORDAN GREEN** ("**GREEN**" or "Plaintiff") by

and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.      This is an action brought under Title VII of the Civil Rights Act of 1964

(Title VII) and the Florida Civil Rights Act (FCRA) for (1) race discrimination in

violation of Title VII, (2) race discrimination in violation of the FCRA, (3)

retaliation in violation of Title VII, and (4) retaliation in violation of the FCRA.

## PARTIES

2.      The Plaintiff, **JORDAN GREEN** ("**GREEN**") is an individual and a

resident of Florida who at all material times resided in Lee County, Florida and

1

was employed by **FLORIDA DEPARTMENT OF CHILDREN & FAMILIES** ("**DCF**" or "Defendant").

3.      Defendant, **DCF** is a state agency that employed **GREEN** in Lee County, Florida.

4.      **DCF** employs in excess of 15 employees and is an employer under the FMLA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Lee County, which is within the Fort Myers Division.

7.      **GREEN** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on June 28, 2022 and this action was filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## GENERAL ALLEGATIONS

8.      **GREEN** began her employment with the Defendant on or about July 28, 2017, and was employed as a child protection investigator supervisor.

9.      **GREEN** performed her assigned duties in a professional manner and was very well qualified for her position. She consistently performed her job duties at a satisfactory level without any complaints from the Defendant's management, and received positive feedback regarding her performance. She was promoted twice during her employment.

10.     **GREEN** was promoted to the position of senior child protection investigator in January 2019, and was promoted again on October 11, 2019, this time to a supervisory position in Naples, Florida.

11.     **GREEN** is an African-American female, and was the only African-American female who was a child protection investigator supervisor in her district during her employment with the Defendant.

12.     Almost immediately after starting her new position in Naples, Florida, **GREEN**'s supervisor (Caucasian) made clear that **GREEN** ought to seek a transfer to Hendry County – it was a well-known fact that employees transferred to Hendry or Glades Counties are African-Americans. In the weeks that followed, that pressure mounted and **GREEN** was strongly encouraged to seek a transfer out of Naples.

13.     On December 2, 2019, **GREEN** did transfer out of Naples – but not to Hendry or Glades Counties, and instead transferred to Fort Myers and assumed the same role there that she occupied in Naples.

14.     However, before **GREEN** arrived in the Fort Myers office, the Defendant's staff was allowed to spread rumors that **GREEN** was supposedly a poor supervisor. This continued even after **GREEN** began in Fort Myers.

15.     On or about December 10, 2019 and June 22, 2020, **GREEN** made complaints to the Defendant's management regarding race-based harassment and disparate treatment by her immediate supervisor and a co-worker.

16.     On June 24, 2022, **GREEN** again contacted the Defendant's human resources department to file a formal complaint regarding race-based harassment and disparate treatment by her immediate supervisor. This race-based harassment and disparate treatment consisted of (but is not limited to) other supervisors outside of **GREEN**'s protected classes receiving more favorable treatment such as not having subordinate's complaints taken as gospel while **GREEN**'s word was disregarded, not being accused of mistreating subordinates who commit misconduct and being allowed to properly manage subordinate employees, being given a name-plate for their office doors, and not being scolded in front of subordinate employees.

17.     A few weeks later, **GREEN**'s supervisor stated at a staff meeting that **GREEN** would be "out indefinitely."

18. After enduring this hostile workplace as a term and condition of continued employment, **GREEN** developed a serious health condition in June 2020 and then required FMLA leave, which began July 10, 2020.

19. On August 14, 2020, **GREEN** sent an email to the Defendant's human resources department asking for an update regarding her prior complaints since she had not received any updates. **GREEN** stated in that email that she wanted to make a formal harassment and discrimination complaint and that the matter was very serious to her.

20. On August 18, 2020, the Defendant issued **GREEN** a poor performance review that was authored by the very person that **GREEN** had filed her complaints of race-based harassment and disparate treatment about.

21. On August 27, 2020, **GREEN** met with the Defendant's human resources department to again complain of race-based harassment and disparate treatment.

22. During a meeting on August 31, 2020 with the supervisor that **GREEN** had complained of subjecting her to race-based harassment and disparate treatment, the Defendant terminated **GREEN** without cause.

23. **GREEN** continued to complain about this right up until the week she was terminated in August 2020.

24. At all material times, the Defendant was aware of **GREEN**'s race and engagement in statutorily protected activity, and consequently, her protected

classes, which form the basis for its discriminatory and retaliatory employment

practices toward her.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RACE DISCRIMINATION

25.     Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint

as though fully set forth below.

26.     **GREEN** is an African-American female and as such, is a member of a

protected class.

27.     At all material times, **GREEN** was an employee and the Defendant

was her employer covered by and within the meaning of Title VII of the Civil

Rights Act of 1963, 42 U.S.C §2000e.

28.     **GREEN** was qualified for the positions that she held with the

Defendant.

29.     **GREEN** has endured disparate treatment while employed with the

Defendant, thereby altering the terms and conditions of her employment.

30.     The acts, failures to act, practices and policies of the Defendant set

forth above constitute intentional discrimination on the basis of **GREEN**'s race in

violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

31.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e

et seq. as referenced and cited herein, **GREEN** has lost benefits and privileges of

her employment and has been substantially and significantly injured in her career path.

32.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **GREEN** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

33.     As a direct and proximate result of the Defendant's actions, **GREEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

34.     **GREEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred

as a result of Defendant's actions;

iv.    Reasonable attorney's fees plus costs;

v.    Compensatory damages, and;

vi.    Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, RACE DISCRIMINATION

35.    Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

36.    **GREEN** is an African-American female and as such, is a member of a protected class.

37.    At all material times, **GREEN** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

38.    **GREEN** was qualified for the positions that she held with the Defendant.

39.    **GREEN** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

40.    The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **GREEN**'s race in violation of the FCRA.

41.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **GREEN** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

42.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **GREEN** is entitled to all relief necessary to make her whole as provided for under the FCRA.

43.     As a direct and proximate result of the Defendant's actions, **GREEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

44.     **GREEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.     Reasonable attorney's fees plus costs;

vi.     Compensatory damages, and;

vii.     Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII- RETALIATION

45.     Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

46.     Following **GREEN**'s objections to race-based harassment and discrimination, Defendant retaliated by altering the terms and conditions of her employment by terminating **GREEN**.

47.     Said protected activity was the proximate cause of Defendant's negative employment actions against **GREEN** including changed working conditions, discipline, and ultimately termination.

48.     Instead of ceasing its disparate treatment, Defendant retaliated against **GREEN** via changed working conditions, discipline, and termination.

49.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of Title VII.

50.     As a direct and proximate result of the violations of Title VII, as referenced and cited herein, **GREEN** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

51.     As a direct and proximate result of the violations of Title VII, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **GREEN** is entitled to all relief necessary to make her whole as provided for under Title VII.

52.     As a direct and proximate result of Defendant's actions, **GREEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

53.     **GREEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.      Compensatory damages, and;

vi.     Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

54.     Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

55.     Following **GREEN**'s objections to race-based harassment and discrimination, Defendant retaliated by altering the terms and conditions of her employment by terminating **GREEN**.

56.     Said protected activity was the proximate cause of Defendant's negative employment actions against **GREEN** including changed working conditions, discipline, and ultimately termination.

57.     Instead of ceasing its disparate treatment, Defendant retaliated against **GREEN** via changed working conditions, discipline, and termination.

58.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

59.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **GREEN** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

60.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **GREEN** is entitled to all relief necessary to make her whole as provided for under the FCRA.

61.     As a direct and proximate result of Defendant's actions, **GREEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

62.     **GREEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.      Front pay, including raises, benefits, insurance costs, benefits costs,

and retirement benefits;

iii.     Reimbursement of all expenses and financial losses Plaintiff has

incurred as a result of Defendant's actions;

iv.      Reasonable attorney's fees plus costs;

v.       Compensatory damages, and;

vi.      Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

   **NOW COMES** the Plaintiff, **JORDAN GREEN**, by and through her

undersigned attorneys, and demands a jury trial under Federal Rule of Civil

Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,


Dated: September 21, 2022      **/s/ Benjamin H. Yormak**
                              Benjamin H. Yormak
                              Florida Bar Number 71272
                              Lead Counsel for Plaintiff
                              YORMAK EMPLOYMENT & DISABILITY LAW
                              27200 Riverview Center Blvd., Suite 109
                              Bonita Springs, Florida 34134
                              Telephone: (239) 985-9691
                              Fax: (239) 288-2534
                              Email: byormak@yormaklaw.com